UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF YONADAV HIRSHFELD,, et al.,

               Plaintiffs,               Case No. 20-cv-3029

    *v.*

REPUBLIC OF THE SUDAN,

               Defendant.

_____/

**NUNC PRO TUNC MOTION FOR LEAVE TO
FILE PLAINTIFFS' ADDRESSES UNDER SEAL**

Plaintiffs respectfully move the Court, *ex parte*, for an order waiving the requirement of Local Civil Rules 5.1(c)(1) and 11.1 that the "full residence address of the party" be included in the caption of the initial pleading, and permitting and directing plaintiffs to file their full residence addresses with the Court *ex parte* and under seal within 30 days. Plaintiffs have a well-founded fear of harassment or reprisal based upon the heinous terrorist attack that gave rise to this action, the fact that the defendant, the Republic of the Sudan, is a designated state-sponsor of terrorism, and the fact that the Sudan-sponsored terrorist organization that carried out the attack in this case, Hamas, is a designated Foreign Terrorist Organization with a decades-long history of murder and terrorist violence.

In support of their motion, the plaintiffs state as follows:

1.      This action is brought under the terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A. It arises out of a terrorist shooting attack by Hamas with the material support of defendant the Republic of the Sudan ("Sudan").

2.      The plaintiffs in this action include the close family relatives of Yonadav Hirshfeld who was murdered in the terrorist attack.

2

3.      Defendant, Sudan, has been a U.S.-designated state sponsor of terrorism since 1993. Hamas is a U.S.-designated Foreign Terrorist Organization which, with the support and assistance of its sponsor, defendant Sudan, has carried out numerous deadly terrorist attacks in Israel and elsewhere over the past several decades.

4.      Due to the nature of the case, the ruthlessness of defendant Sudan and Sudan's relationship with Hamas, the plaintiffs are extremely concerned that by publicly disclosing their residential addresses, they will be subjecting themselves to risks of harassment or physical harm.

5.      The plaintiffs' very reasonable fears are compounded by the emotional trauma they have already endured as a result of the terrorist attack, and by their emotional vulnerability as terrorism victims.

6.      Local Civil Rules5.1(c)(1) and 11.1 require parties to include their names and full residence addresses in their first filings with the court. However, the court may, in its discretion, permit the filing under seal of a party's address. *Yaman v. Department of State*, 786 F. Supp. 2d 148, 151 (D.D.C. 2011). This court held in *Yaman* that the appropriate standard for a motion to waive the requirements of Local Rules 5.1 and 11.1 are as follows: "(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

7.      Here, the plaintiffs' concerns are far more serious than merely avoiding garden-variety annoyance or preserving privacy. As indicated above, the disclosure of the plaintiffs'

2

addresses would pose a risk of retaliatory harm by the defendant and terrorist allies. And aside from the empirical risk of harm, the *fear* of that risk by these plaintiffs, who have already been horribly traumatized by defendant Sudan and its Hamas proxy, supports the relief requested. Disclosure of their residential addresses would exacerbate the plaintiffs' already-egregious emotional trauma, stress, and anxiety, due to fear of retaliation by Sudan and its proxies.

8.     One of the plaintiffs is a minor, whose identities is required to be protected in any event. The action is against a governmental party, which also militates in favor of non-disclosure. *See Yaman*, 786 F. Supp. 2d at 153. Finally, there is no risk or other prejudice to the defendant if the Plaintiffs are permitted to refrain from disclosing their residential addresses.

9.     This Court regularly waives Local Civil Rules 5.1(c) and 11.1 in cases against state-sponsors of terrorism, based upon plaintiffs' well-founded concerns that the listing of their addresses could subject them to harassment or threats from the defendant or terrorist groups sponsored by the defendant. *See e.g. Ofisi v. Sudan*, Civ. No. 15-2010-JDB, Minute Order dated on Nov. 20, 2015; *Hake v. Bank Markazi*, Civ. No. 17-114-CKK, Minute Order dated Jan. 27, 2017; *Stearns v. Iran*, Civ. No. 17-131-CKK Minute Order dated Jan. 27, 2017.

**WHEREFORE**, for the reasons enumerated above, plaintiffs respectfully request that the Court grant this motion, and enter an order, *nunc pro tunc*, waiving the requirements of Local Rules 5.1(c)(1) and 11.1, and authorizing and directing the Plaintiffs to file their residential addresses *ex parte* and under seal within 30 days.

CONCLUSION

For the reasons stated herein, the Court should grant this motion to allow filing of the

plaintiffs' addresses under seal.


October 21, 2020

Plaintiffs, by their attorney,


By:  /s/ Asher Perlin
Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-233-7164
asher@asherpelin.com

2