UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF YONADAV HIRSHFELD, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> REPUBLIC OF THE SUDAN, <br><br> *Defendant*. | Civil Action No. 1:20-cv-03029 (CJN) |

**ORDER GRANTING PLAINTIFFS' MOTION
FOR LEAVE TO FILE ADDRESSES UNDER SEAL**

Before the Court is Plaintiffs' Motion for Leave to File Residence Addresses Under Seal, ECF No. 2 (Pls.' Mot.). Plaintiffs argue that filing their residential addresses under seal is necessary to protect themselves and their families from retaliation by Sudan-backed terrorists. For the reasons stated below, the Court grants Plaintiffs' Motion.

Under Local Civil Rules 5.1(c)(1) and 11.1, a Party must include its "full residence address" in its first filing with the Court. Ordinarily, a Party's "[f]ailure to provide the address information within 30 days [of] filing may result in the dismissal of the case against the defendant." LCvR 5.1(c)(1). Nevertheless, when a court finds that "'the impact of [a] plaintiff's anonymity' outweighs 'the public interest in open proceedings' and . . . 'fairness to the defendant,'" it may allow "a party 'to proceed anonymously.'" *Doe v. Washington Post*, 2019 WL 2336597, at * 1 (D.D.C. Feb. 26, 2019) (quoting *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008)) ("*Chao*").

1

To decide whether a Plaintiff should receive the "rare dispensation of anonymity," *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995), members of this Court analyze five factors:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Chao*, 587 F. Supp. 2d at 99; *see also Doe 1 v. George Washington Univ.*, 369 F. Supp. 3d 49, 63 (D.D.C. 2019) (collecting cases).

Here, those factors favor allowing Plaintiffs to file their residential addresses under seal. Plaintiffs are the immediate family members and Estate of Yonadav Hirshfeld, an American student gunned down by a "terrorist operative" acting "on behalf" of "Hamas and defendant the Republic of Sudan." Compl. ¶¶ 1–3, ECF No. 1. Plaintiffs represent that Sudan "has been a U.S.-designated state sponsor of terrorism since 1993" whose "official policy" and practice in this case is "to use terrorism against [citizens of] the United States." *Id*. at ¶¶ 19–21. Plaintiffs fear that publicly disclosing their home addresses increases the risk that terrorists will find and harm them. *See* Pls.' Mot. ¶ 4. That risk is especially pronounced here because one Plaintiff is a minor. *Id.* at ¶ 8; *see also Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153–54 (D.D.C. 2011) (observing that minors deserve heightened privacy protections). Plaintiffs also suggest that the risk of physical retaliation exacerbates the mental trauma they have already suffered as close family members of a young man murdered in a terrorist attack. Pls.' Mot. ¶¶ 4–5, 7. And Defendant is a government, not a private litigant with reputational interests that may be prejudiced by granting Plaintiffs' some anonymity. *Doe 1*, 369 F. Supp. 3d at 66–67.

Members of this Court regularly exempt Plaintiffs from the obligation to publicly disclose their home addresses in suits against state sponsors of terrorism. *See, e.g.*, *Stearns v. Islamic Republic of Iran*, 1:17-cv-131 (D.D.C. filed Jan. 19, 2017) (Minute Order dated Jan. 27, 2017); *Hake v. Bank Markazi Jomhouri Islami Iran*, 1:17-cv-114 (D.D.C. filed Jan. 17, 2017) (Minute Order dated Jan. 27, 2017).  As Plaintiffs have shown that the risk of physical harm and mental trauma outweighs any interest Defendant may have in securing Plaintiffs' home addresses, this Court will do the same.

Accordingly, it is

**ORDERED** that Plaintiffs' Motion, ECF No. 2, is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file a list of their names and residential addresses under seal by January 16, 2021.

DATE:  December 16, 2020

CARL J. NICHOLS
United States District Judge